United States District Court
Southern District of Texas
**ENTERED**
May 03, 2024
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CRAIG THOMAS, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-23-1416 |
| | § | |
| GROUP 1 AUTOMOTIVE, INC. d/b/a | § | |
| STERLING MCCALL BUICK-GMC, | § | |
| | § | |
| Defendant. | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Craig Thomas sued his former employer, Group 1 Automotive, Inc. d/b/a Sterling McCall Buick-GMC on April 17, 2023. (Docket Entry No. 1). He alleged race and age discrimination in his termination. (*Id.*). The Court issued a Scheduling Order mandating all pleading amendments be submitted by September 25, 2023. (Docket Entry No. 16). On April 4, 2024, Thomas filed a motion for continuance of the unexpired deadlines in the Scheduling Order. (Docket Entry No. 17). He also filed a motion for leave to amend his complaint. (Docket Entry No. 18). The proposed amendment would add a claim under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.* Sterling McCall opposed the motion to amend. (Docket Entry No. 20).

I.    **The Legal Standards**

A.    **Federal Rule of Civil Procedure 16**

Once a court has entered a scheduling order and the deadline for amending pleadings has passed, the decision to permit post-deadline amendments is governed by Rule 16(b) of the Federal Rules of Civil Procedure. *S & W Enters., L.L.C. v. South Trust Bank of Ala.*, 315 F.3d 533, 536 (5th Cir. 2003) ("We take this opportunity to make clear that Rule 16(b) governs amendment of

pleadings after a scheduling order deadline has expired."). Under Rule 16(b), a scheduling order should not be modified unless there is a showing of good cause. FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

The Fifth Circuit has set forth four factors to determine whether a movant has established good cause for modification of a scheduling order to allow an untimely amendment of pleadings: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *S & W Enters., L.L.C.*, 315 F.3d at 536 (quotations omitted and alterations adopted). "The 'good cause' standard focuses on the diligence of the party seeking a modification of the scheduling order." *Forge v. City of Ball*, No. 3:03-CV-0256, 2004 WL 1243151, at *2 (N.D. Tex. June 4, 2004). A party's mere inadvertence to meet a deadline and the absence of prejudice to the opposing side are insufficient to establish good cause. *Id.* Rather, one must show that "despite his diligence, he could not have reasonably met the scheduling deadline." *Id.* (quoting *Am. Tourmaline Fields v. Int'l Paper Co.*, No. 3:96-CV-3363, 1998 WL 874825, at *1 (N.D. Tex. Dec. 7, 1998)). Rule 15(a), which governs the substance of amendments and allows for liberal leave to amend, only comes into play once the moving party has demonstrated good cause under Rule 16(b). *S & W Enters., L.L.C.*, 315 F.3d at 536 n.4 ("[T]he presence of a scheduling order renders the Rule 15 inquiry secondary.").

Thomas moved for leave to amend his pleadings to add a new cause of action—ERISA— on April 4, 2024, almost exactly a year after he had filed suit and nearly seven months after the deadline for parties to amend pleadings. (*See* Docket Entry Nos. 16, 18). Rule 16(b) governs whether to permit an amendment. *See S & W Enters. L.L.C.*, 315 F.3d at 536. Only if Thomas has

demonstrated good cause will the court consider whether granting leave to amend is consistent with Rule 15. *See id.* at 536 n.4

### B.   Federal Rule of Civil Procedure 15

Under Rule 15(a), courts "should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). But this "generous standard is tempered by the necessary power of a district court to manage a case." *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 678 (5th Cir. 2013) (quoting *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003)). Although Rule 15 indicates a bias in favor of granting leave to amend, leave is by no means automatic. *Southmark Corp. v. Schulte Roth & Zabel (In re Southmark Corp.)*, 88 F.3d 311, 314 (5th Cir. 1996) (citing *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993)). A district court must have a "substantial reason" to deny leave, yet the decision remains within the court's discretion. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Quintanilla v. Tex. Television, Inc.*, 139 F.3d 494, 499 (5th Cir. 1998)). In exercising its discretion, the court should consider several factors, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [and] futility of the amendment." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Absent one of these factors, leave should be freely given. *Id.* (citing *Foman*, 371 U.S. at 182).

## II.   Analysis

The court begins its analysis under Federal Rule of Civil Procedure 16(b), before deciding whether to analyze Thomas's motion under the more liberal standard of Rule 15(a). *See S&W Enters., L.L.C.*, 315 F.3d at 536. Under Rule 16(b), a scheduling order should not be modified

unless there is a showing of good cause. FED. R. CIV. P. 16(b)(4). In determining whether a movant has established good cause, courts consider: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *S & W Enters., L.L.C.*, 315 F.3d at 536.

Thomas offers no explanation for failing to include an ERISA claim in his original pleading, or for the year-long delay in seeking to amend to do so. It is clear that Thomas knew of the claim even before he filed his lawsuit. The record includes an attorney client agreement produced during discovery, stating that Thomas's counsel would file an age discrimination and ERISA action against Sterling McCall. (Docket Entry No. 20-1 at 2–3). No ERISA action was in the original complaint filed in April 2023. (Docket Entry No. 1). Thomas did not seek to amend to include this claim until April 2024. (Docket Entry No. 18). Thomas's counsel offers no excuse for the omission or the delay.

Thomas's primary arguments are that he does not allege new facts, but only a new cause of action under ERISA, in his amended complaint; while written discovery has completed, depositions have not occurred; and Sterling McCall has known of an ERISA claim since discovery revealed the power of attorney that Thomas signed with his counsel. None of these arguments even attempts to explain why Thomas did not include the ERISA claim, which he knew about when he filed the suit, at that time.

A second factor is the importance of the amendment. It is unclear that ERISA will provide a basis for recovery, because the proposed amended complaint does not plead a specific ERISA section that was allegedly violated. (Docket Entry No. 18 at 13). Thomas responds that he pleaded his serious medical condition and that he was fired after that. This is not the same as alleging a

cause of action under ERISA; more than simply alleging an employer acted to deprive an employee of benefits is required. *White v. Omega Protein Corp.*, 390 F. Supp. 2d 604, 610, (S.D. Tex. 2005) (specific intent to interfere with ERISA benefits is needed to show a violation of Section 510). On this record, the importance of the amended complaint is difficult to assess.

The last factors look at whether adding this cause of action would prejudice Sterling McCall. Thomas argues against finding prejudice because Sterling McCall previously learned that an ERISA cause of action could be added to the case. That is far different from knowing that Thomas would in fact include this new cause of action. He did not for a year after filling, even as the parties engaged in investigation and discovery into the claims of age and race discrimination. Thomas does not explain how the investigation and discovery done into those claims will make investigation and discovery into the proposed added ERISA claim unnecessary. Sterling McCall would be prejudiced by having to consider whether a different strategy and approach would be needed, with changes in pleadings and motions. The prejudice is neither minimal nor easily curable, even with a short continuance.

Although Rule 16 requirements do not support granting leave to amend to file a new cause of action, the court will now consider whether to grant leave to amend under the less onerous standard of Rule 15. Absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [or] futility of the amendment," leave should be freely given. *Rosenzweig*, 332 F.3d at 864 (quoting *Foman*, 371 U.S. at 182). As explained above, the delay and prejudice here are undue. Thomas waited a year to add an amended cause of action, which is dilatory and unexplained. The court concludes that Thomas has not

sustained his burden under Rule 15. The court denies Thomas leave to amend his complaint to add an ERISA cause of action.

**III.    Conclusion**

For these reasons, the court denies Thomas's Motion for Leave to File an Amended Complaint. (Docket Entry No. 18).

SIGNED on May 3, 2024, at Houston, Texas.

_____

Lee H. Rosenthal
United States District Judge